UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ISAAC S. KNOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:24-cv-00227-CEA-CHS |
| | ) | |
| SHANE GEORGE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

### I. Introduction

Plaintiff Isaac S. Knott claims his civil rights were violated during the execution of a search warrant by the 17th Judicial Drug Task Force. [Doc. 2]. Plaintiff, *pro se*, is proceeding *in forma pauperis* in this action. [Doc. 9]. This Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis*—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A and 1915(e)(2). For the reasons stated herein, it is **RECOMMENDED** that all of Plaintiff's claims **SURVIVE SCREENING**.

### II. Background

Plaintiff filed his Complaint on July 10, 2024, alleging civil rights violations under 42 U.S.C. § 1983. [Doc. 2 at 1]. Plaintiff states that "[o]n August 11, 2023, all of [the] named defendants executed a search warrant at 504 Shoma Dr. in Shelbyville, TN." [*Id.* at 3]. He then states that an initial search took place of five individuals (including himself) "whom all were present outside the home when officers arrived." [*Id.* at 4]. Plaintiff claims that after being searched, "we were all instructed to sit while officers continued searching." [*Id.*]. After officers

came back outside from searching the residence, Plaintiff claims he "was instructed to stand for a more thorough search." [*Id.*]. Shane George is the director of the 17th Judicial Drug Task Force. [*Id.* at 9]. Plaintiff alleges that Director George committed "sexual assault" against Plaintiff by using his bare hands to perform a search of Plaintiff that included "groping and fondling with [Plaintiff's] genitals" and "using his hand and running it between my buttocks cheeks." [*Id.* at 4]. Plaintiff also claims that Director George committed:

> Physical assault by reaching in his pocket [and] retrieving a pocket knife and running his naked hands back up my backside leg of my shorts and cutting a slit in my underwear and leg. He then . . . re-enters my underwear for [a] second time, only this time pulling out a golf ball size baggie later tested to be crack cocaine.

[*Id.*].

Plaintiff also alleges he was illegally searched because his "name isn't mentioned in conspiring to illegal activity of [the] search warrant." [*Id.* at 4-5]. Finally, Plaintiff states, "Director George instructed other officers to capture all of my 2nd search on body camera which is why all the officers are named in [the] complaint." [*Id.* at 5].

## III. Discussion

### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in its complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting

*Twombly*, 550 U.S. at 555 (cleaned up)). Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (brackets in original) (quoting *Twombly*, 550 U.S at 557). Rather, the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B.    Analysis

#### 1.  Claims Against Director George

To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of a right secured by the federal Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. 42 U.S.C. § 1983.

##### a.  Invasion of Bodily Integrity

"Courts [in this circuit] have recognized that an invasion of bodily integrity committed by a police officer during an arrest violates an arrestee's Fourth Amendment rights." *Hinds v. Bush*, No. 20-12032, 2024 WL 445662, at *2 (E.D. Mich. Jan. 2, 2024), report and recommendation adopted, No. 20-CV-12032, 2024 WL 379904 (E.D. Mich. Jan. 31, 2024) (collecting cases).

"Reasonableness is the touchstone of any seizure under the Fourth Amendment." *Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 567 (6th Cir. 2016). The Supreme Court has stated, "To determine the constitutionality of a seizure we must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (cleaned up). "[R]easonableness depends on not only when a seizure is made, but also how it is carried out." *Id.* "When executing a search warrant, an officer may pat down or frisk individuals present if there is reasonable suspicion that the specific individual is armed and dangerous." *Mobley v. City of Detroit*, 938 F. Supp. 2d 669, 680 (E.D. Mich. 2012) (citing *Ybarra v. Illinois*, 444 U.S. 85, 93 (1979)).

Plaintiff's factual allegations (bare-handed groping and fondling of genitals, bare-handed swiping between buttocks) paint an invasion of bodily integrity committed by Director George that could plausibly exceed what was reasonably needed to ensure officer safety. This is especially true because Plaintiff alleges that the improper invasion occurred after he had already been initially searched. Plaintiff also alleges that the relevant events transpired while Plaintiff was seized pursuant to the execution of a search warrant. Thus, Plaintiff plausibly alleges that the invasion occurred while Director George was acting under color of law.

Therefore, Plaintiff has stated a viable Fourth Amendment claim for invasion of bodily integrity.

### b. Excessive Use of Force

The Fourth Amendment also protects citizens from the use of excessive force during a seizure. *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). "Reasonableness is the touchstone of any seizure under the Fourth Amendment." *Brown*, 844 F.3d at 567 (6th Cir.

2016). The Supreme Court has stated, "To determine the constitutionality of a seizure we must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Garner*, 471 U.S. at 8 (1985) (cleaned up). "[R]easonableness depends on not only when a seizure is made, but also how it is carried out." *Id.*

Plaintiff accuses Director George of "retrieving a pocket knife and running his naked hands back up my backside leg of my shorts and cutting a slit in my underwear and leg." [Doc. 2 at 4]. Running hands that are holding a pocket knife along Plaintiff's leg and cutting his leg are plausibly unreasonable levels of force for conducting a frisk of Plaintiff for officer safety. As noted above, Plaintiff plausibly alleges that this occurred while Director George was acting under color of law.

Therefore, Plaintiff has stated a viable Fourth Amendment claim for excessive use of force.

### c. Illegal Search

Plaintiff complains that he was subjected to a second search even though his "name isn't mentioned in conspiring to illegal activity of [the] search warrant." [Doc. 2 at 4-5]. "When executing a search warrant, an officer may pat down or frisk individuals present if there is reasonable suspicion that the specific individual is armed and dangerous." *Mobley*, 938 F. Supp. 2d at 680 (E.D. Mich. 2012) (citing *Ybarra*, 444 U.S. at 93 (1979)).

Based on the facts in Plaintiff's Complaint, there is little to suggest that Plaintiff was armed or dangerous. Further, Plaintiff alleges he had already been subject to a search before officers went to search inside the residence. This significantly lowered the likelihood that he was armed or dangerous.

Therefore, as Plaintiff was allegedly not named in the search warrant, Plaintiff has plausibly alleged that he was subjected to an illegal search.

### 2. Claims Against Other Task Force Members

Plaintiff claims that other members of the 17th Drug Task Force who were present ("Other Officers") "acted as officers of the law by not protecting me from such illegal activity from their superior officer." [Doc. 2 at 5]. Plaintiff alleges that they were instructed to capture the second search with their body cameras, then they "stood and witness[ed]" something they should have stopped. [*Id.*].

In the Sixth Circuit, officers can be held liable under § 1983 for failing to intervene when a fellow law enforcement officer, whether a peer or a superior, violates the constitutional rights of a citizen. *Bunkley v. City of Detroit, Michigan*, 902 F.3d 552, 564-66 (6th Cir. 2018).

> Mere presence without a showing of some direct responsibility, cannot suffice to subject an officer to liability for failure to intervene. But a police officer who fails to intervene in a constitutional violation may be held liable when (1) the officer observed or had reason to know that an unconstitutional action would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring.

*Haliburton v. City of Ferndale*, 653 F. Supp. 3d 377, 402 (E.D. Mich. 2023).

Liberally construed, Plaintiff has alleged that the Other Officers were aware of the initial search of his person and were actively observing the second search that was conducted after the residence had been searched. Additionally, the Other Officers should have known whether the search warrant authorized a personal search of Plaintiff. Therefore, Plaintiff has plausibly alleged that the Other Officers observed that an unconstitutional action[1] was being undertaken. Further, Plaintiff has alleged that the Other Officers were standing around watching the second search being conducted by Director George. Therefore, Plaintiff has plausibly alleged that the Other Officers had both the opportunity and the means to prevent the harm from occurring.

---

[1] Through an invasion of bodily privacy, excessive use of force, and/or illegal search.

## IV. CONCLUSION

For the reasons stated herein, it is hereby **RECOMMENDED**[2] that all of Plaintiff's claims

**SURVIVE SCREENING**.

      **ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).